UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6050-CR-ZLOCH/SELTZER

UNITED STATES OF AMERICA    )
                            )
                            )
                            )
v.                          )
                            )
CASEY JACKSON,              )
                            )
    Defendant.              )
                            )

**GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    The government is unaware of any written or recorded statements made by the defendant.

           2.    That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

           3.    No defendant testified before the Grand Jury.

           4.    The NCIC record of the defendant, if any exists,



will be made available upon receipt by this office.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Seventh Floor, Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. Laboratory analysis reports regarding the firearm and substance seized in connection with this case are attached.

B. **DEMAND FOR RECIPROCAL DISCOVERY**: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up,

|     |     |
| --- | --- |
|     | photo spread or similar identification proceedings. |
| G.  | The government has advised its agents and officers involved in this case to preserve all rough notes. |
| H.  | The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). |
| I.  | The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. |
| J.  | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K.  | The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample. |
|     | If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial. |
| L.  | The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession. |
| M.  | The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. |
| N.  | To date, the government has not received a request |

3

    for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

    The government hereby requests that the defense stipulate to the following facts:

    1. 83.6 grams of cocaine base were seized from the defendant at the time of arrest in this case. Government Exhibit 1 is the 83.6 grams of cocaine base which were seized from the defendant at the time of his arrest.

    2. The firearm seized from the defendant at the time of arrest is a "firearm" as that term is defined in Title 18, United States Code, Section 921(a)(3), that is, it is a weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive.

P. At the discovery conference to be scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

  The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

  In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

4

```
Time:    4:30 p.m.
Date:    10/21/99
Place:   743-B NW 14th Way, Fort Lauderdale,
         Florida
```

The attachments to this response are numbered pages 00205-00213. Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
KATHLEEN RICE
Assistant United States Attorney
Florida Bar No. 100765
500 East Broward Blvd., 7th Floor
Fort Lauderdale, FL 33394
TEL: (954) 356-7255, ext. 3512
FAX: (954) 356-7336

cc:  Special Agent Alan Latour,
     ATF

     Special Agent Doug McElwain,
     DEA

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 4th day of April, 2000, to Arthur Marchetta, Esquire, 915 Middle River Drive, Suite 401, Fort Lauderdale, Florida 33304.

                                                                   _____
                                                                   KATHLEEN RICE
                                                                   Assistant United States Attorney

**U.S. Department of Justice**
United States Marshals Service



| REPORT OF INVESTIGATION | | Page 1 of 3 |
|---|---|---|
| 1. ▓▓▓▓▓▓▓ | 2. DATE OF REPORT 12/3/99 | 3. REPORTED BY: James W. Meehan III |
| 4. CASE TITLE JACKSON, Casey | | AT: U.S. Marshals/Ft Lauderdale |
| 6. TYPE OF REPORT *(Check One)*: [ ] REPORT OF ELECTRONIC INTERCEPTION [ ] COLLATERAL LEAD [ ] WITNESS INTERVIEW | [X] ARREST [ ] INTELLIGENCE UPDATE [ ] MEMORANDUM TO FILE [X] INVESTIGATION | |

On 10/16/99, DUSM's Meehan and Gloetzner began receiving information from a Confidential Informant that Jackson could be located at his girlfriend's residence of 743-B NW 14th Way in Ft Lauderdale. The Informant advised that they only knew Jackson's girlfriend by her first name "Anne". The Informant did advise that Anne was suppose to be on state bond for a crime she had recently committed. The Informant believed that the crime was Assisting in the Escape of a Prisoner. Computer checks conducted by DUSM Meehan revealed that an Anne McFadden lived at the address given by the Confidential Informant. DUSM Gloetzner conducted further investigation of Anne McFadden, which revealed that she was out on bond for approximately 4 separate charges, one of which is Assisting in the Escape of a Prisoner. Further information given by the Informant revealed that Jackson and McFadden were driving a 1999 Green Chrysler Four Door rental car.

On 10/21/99, at approximately 1630 hrs, DUSM Palumbo advised DUSM Meehan that he had just conducted a drive by of McFadden's residence and further advised that there was a New Model Green Chrysler parked in front. DUSM's Palumbo, Jennings, and Little kept the residence under surveillance, while DUSM's Meehan, Grant and Gloetzner responded from the U.S. Marshals office in Ft Lauderdale. Upon arrival at the scene, DUSM Meehan began conducting an expedited briefing, before attempting to locate Jackson at the residence. While conducting the briefing, DUSM Little advised that the Chrysler was leaving the residence and the occupants were unknown. DUSM's on scene responded and blocked the car from leaving. The driver quickly identified herself as Anne McFadden. No one else was in the vehicle, but McFadden consented to a search of the vehicle for any documents that might lead to the whereabouts of Jackson. McFadden advised that she had not seen Jackson in a couple of days, due to an argument. McFadden further advised that she could not gain entry into her apartment, because she did not have the keys with her. In the ignition of the Chrysler was a key ring with multiple keys attached to it. DUSM Meehan asked McFadden if any of the keys on the ring would open her apartment door. McFadden advised the she

| 7. SIGNATURE *(DUSM)* *James W Meehan* | 8. DATE 12/3/99 | 11. DISTRIBUTION X DISTRICT |
|---|---|---|
| 9. APPROVED *(Name and Title)* | 10. DATE | ___ HEADQUARTERS X OTHER ATF |

UNITED STATES MARSHALS SERVICE
THIS REPORT IS THE PROPERTY OF THE UNITED STATES MARSHALS SERVICE NEITHER
IT NOR ITS CONTENTS MAY BE DISSEMINATED OUTSIDE THE AGENCY TO WHICH LOANED.

USM FORM 11
(REVISED APRIL 1990)
(REPLACES USM-210)

00205

**U.S. Department of Justice**
United States Marshals Service



| REPORT OF INVESTIGATION CONTINUATION | | Page 2 of 3 |
|---|---|---|
| 1. ▇▇▇▇▇ | 2. DATE OF REPORT<br>12/3/99 | 3. REPORTED<br>BY: James W. Meehan III |
| 4. CASE TITLE: JACKSON, Casey | | AT: U.S. Marshals/Ft Lauderdale |

did not think so, but DUSM Meehan was more than welcome to try. With DUSM's Palumbo, Grant, Little, and Jennings witnessing, DUSM Meehan tried the keys and found that they did in fact unlock the door. Upon opening the door, DUSM Palumbo yelled into the residence to see if anyone would respond. At that time, a black male, which DUSM Meehan was able to identify as Jackson from the photo provided by the probation office, responded and exited from the first door on the right hand side, just inside the front door of the residence. Jackson was told to prone himself out on the ground. Jackson was asked if anyone else was in the residence and Jackson replied that his god-baby was on the bed in the room that he had just exited. Jackson asked that the baby be secured, before it fell off the bed. DUSM's Palumbo and Jennings conducted a search of the residence to ensure that there were no other persons inside. Once the residence was secured DUSM Meehan handcuffed and searched Jackson. DUSM Meehan then secured the baby in the bedroom at JACKSON'S request. DUSM Jennings then advised DUSM Meehan that he could see a handgun in the closet of the bedroom that JACKSON had exited. DUSM Jennings secured the weapon, which turned out to be a stolen Model GT .380 caliber semi-automatic handgun, which was fully loaded. At that time, Jackson began to worry about McFadden and asked if she was being arrested. DUSM Meehan advised Jackson that it was not sure if McFadden would be arrested, because of her state bond. At that time, Jackson advised that anything found in the apartment was his and he did not want her to go to jail for his mistakes. DUSM's Meehan and Jennings stopped Jackson from making any further comments and DUSM Meehan read Jackson his Miranda rights. Jackson stated that he understood his rights and wanted to waive his right to counsel and answer any questions. Jackson stated that he had his own key to McFadden's residence and was currently living at McFadden's residence of 743-B NW 14th Way. Jackson stated that the gun found in the room was his and that he figured it was stolen, because he bought it on the street for $40. Jackson then gave consent to have the rest of the residence searched for more weapons. DUSM Jennings located a rock like substance that was believed to be crack cocaine in a blue cooler in the same bedroom where Jackson and the baby were located and where the gun was found. Jackson advised that substance was crack cocaine packaged in $10 amounts. DUSM Jennings continued to search the same room and located $911 dollars in one of the dresser drawers. Jackson was asked if he had any money in the room, which he replied that he had around $900 in one of the drawers. Jackson stated that there was nothing else in the residence and that everything that was found was his. DUSM Gloetzner contacted Ft Lauderdale Police Department and requested that a narcotics

| 7. SIGNATURE (DUSM)<br>*James W. Meehan III* | 8. DATE<br>12/3/99 | 11. DISTRIBUTION<br>X DISTRICT |
|---|---|---|
| 9. APPROVED (Name and Title) | 10. DATE | _ HEADQUARTERS<br>X OTHER ATF |

UNITED STATES MARSHALS SERVICE
THIS REPORT IS THE PROPERTY OF THE UNITED STATES MARSHALS SERVICE NEITHER
IT NOR ITS CONTENTS MAY BE DISSEMINATED OUTSIDE THE AGENCY TO WHICH LOANED.

USM FORM 11
(REVISED APRIL 1990)
(REPLACES USM-210)

00206

U.S. Department of Justice
United States Marshals Service



| REPORT OF INVESTIGATION CONTINUATION | | Page 3 of 3 |
|---|---|---|
| 1. ▓▓▓▓▓▓ | 2. DATE OF REPORT 12/3/99 | 3. REPORTED BY: James W. Meehan III |
| 4. CASE TITLE: JACKSON, Casey | | AT: U.S. Marshals/Ft Lauderdale |

canine respond to the residence. Officer Joyce Flemming arrived a short time later and conducted a search of the residence, using her canine "Gunner". Flemming advised that the canine alerted on the substance in the cooler and on the money, but nothing else was found in the search. Officer Flemming seized all items found at the residence and logged them into evidence at the Ft Lauderdale Police Department. Before turning in the substance found in the cooler, Officer Flemming weighed and conducted a field test on a small portion of it. The test came back positive for cocaine and the cumulative weight of the substance was approximately 92 grams. Jackson was booked in to the Ft Lauderdale City Jail as a federal prisoner and brought to the U.S. Court House in Ft Lauderdale the following day for an initial appearance. END OF REPORT.

| 7. SIGNATURE (DUSM) *James W Meehan III* | 8. DATE 12/3/99 | 11. DISTRIBUTION X DISTRICT |
|---|---|---|
| 9. APPROVED (Name and Title) | 10. DATE | _ HEADQUARTERS X OTHER ATF |

UNITED STATES MARSHALS SERVICE
THIS REPORT IS THE PROPERTY OF THE UNITED STATES MARSHALS SERVICE NEITHER
IT NOR ITS CONTENTS MAY BE DISSEMINATED OUTSIDE THE AGENCY TO WHICH LOANED.

USM FORM 11
(REVISED APRIL 1990)
(REPLACES USM 210)

00207

# FORT LAUDERDALE POLICE DEPARTMENT
## OFFENSE INCIDENT REPORT

**Reported Day:** Thur. **Date:** 10/21/99 **Time:** 17:45

**Incident Type:** 1. Felony

**Type:** 1 **Description:** Narcotic Complaint **Attempted/Committed:** C

**Incident Location:** 743 NW 14 Way #B Ft. Lauderdale, FL **Zone:** 205

**# Offenses:** 01 **# Victims:** 00 **# Offenders:** 01 **# Prop. Stol.:** 00 **# Veh. Stolen:** 00

### SUSPECT

**Suspect Code:** S-Subject — **Code:** 2 **#:** 1 **Armed:** No **Name:** JACKSON, CASEY

**Maiden Name:** N/A **Nickname/Street Name:** N/A

**Last Known Address:** 743 NW 14 Way, #B Ft. Lauderdale, FL

**Occupation:** N/A **Employer/School:** N/A **Social Security Number:** 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

**Driver's License:** N/A **Immigration Number:** N/A

**Race:** B **Sex:** M **Date of Birth:** 1/2/15/70 **Height:** 5-9 **Weight:** 163 **Eye Color:** Brn. **Hair Color:** Blk.

**Scars/Marks/Tattoos:** Unk.

**Officer(s) Reporting:** Fleming 1185 **Confiscation** **Unit:** 3A252 **Date:** 10/21/99

00208

**NARRATIVE**

SEE SUPPLEMENTAL PAGE FOR REPORT

| PROPERTY | ☐ NONE INVOLVED | ☐ STOLEN-LOST | ☒ EVIDENCE RECEIPT | ☐ TO BE FORWARDED |

OFFICER AFFIDAVIT: SWORN AND SUBSCRIBED BEFORE ME THIS ___21ST___ DAY OF ___OCT___ 19 _99_
TITLE _POLICE OFFICER_ PRINT NAME _GERALD FUCOR_ CCN _1180_
SIGNATURE _____

VICTIM AFFIDAVIT: I hereby swear that on _____, I was the victim of a _____,
which was committed without my permission and against my will, as reported by me, by persons unknown/known to me as _____
_____ and further, that I DO ___ DO NOT ___ desire to prosecute.
Sworn and Subscribed by me this ___ day of _____ year ___
Officer's Signature _____ Victim's Signature _____

00209

# FORT LAUDERDALE POLICE DEPARTMENT
## SUPPLEMENT PAGE 1

Case Title: Narcotic Complaint

Reported Day: Thur    Date: 10/21/99    Time: 17:45

**OFFENSE CHANGED TO**

Location: 743 NW 14 Way #B    Ft. Lauderdale, FL

I responded to the listed address at the request of U.S. Marshals Service having just served an arrest warrant for fugitive B/M Casey Jackson. A request by Deputy U.S. Marshal James Meehan was made to utilize my narcotics K-9 within the above address. Jackson had been cooperative with Marshals on the scene and indicated that crack cocaine was in the apartment. I responded to recover any additional crack cocaine. Marshals did locate a blue soft style cooler which had three sandwich style baggies filled with crack cocaine rocks. This cooler was located in the southwest bedroom. One baggie contained 32 grams, while a second baggie contained 31 and the third baggie contained 29 grams. The crack cocaine was released to me whereas I tested the cocaine by valtox brand. The crack cocaine rocks was positive for the presence of cocaine. The cocaine was submitted into FLPD evidence.

Marshals also recovered a loaded handgun, Model GT .380 LW with brown colored grips. The handgun had one clip with seven rounds. The handgun was reported stolen from Margate Police Department. Margate Police Department Offense Number 97-03407. The handgun was cleared through FLPD teletype by operator 6367. The handgun was secured and submitted into FLPD evidence for testing by this officer.

No additional crack cocaine was recovered by my K-9 partner, "Gunner" other than the above listed narcotics. Gunner also alerted to narcotic odor to $911.00 of U.S. currency. The currency was seized for confiscation and placed into FLPD evidence.

Fleming    1185    Confiscation    3A252    10/21/99

FORM 2-248B Rev 8/86

00210

12/02/99   15:46   FT LAUDERDALE ATF → 93567336   NO.286  D06

**FORT LAUDERDALE POLICE**
1300 W. BROWARD BLVD.
FORT LAUDERDALE, FL 33312

# EVIDENCE/PROPERTY FORM

**OFFENSE:** VNR
**ORI#:** 99-156097
**REF ORI#:** 97-03407
**INV#:** Musgrave

## EVIDENCE RECEIPT
(PLEASE PRINT)

- [x] Trial Evidence
- [ ] Found Property
- [ ] Lab Exam (Memo Attached)
- [ ] Destroy
- [ ] Return To Owner
- [ ] Processing
- [ ] Hold For Inv.
- [ ] Warrant Inventory Receipt Issued
- [ ] Forfeiture Unit Notified — Hold for Confiscation

## PROPERTY LIST

| Owner | | | Address, City and State | | Phone (Residence) | Phone (Business) |
|---|---|---|---|---|---|---|
| | | | | | | |

**Arrested:** Casey Jackson  **DOB:** 12/15/70  **Charge:** Poss Firearm
- [ ] Stolen  [ ] Inventory  [ ] Lost or Missing  [ ] To Be Forwarded
- [ ] MSD  [ ] FEL  Arrested

**Arrested:** (signature)  **DOB:**  **Charge:** by con felon
- [ ] MSD  [ ] FEL  Arrested  **DOB**  **Charge**

The items listed below are a true representation of loss suffered by me.
Victim Signature _____

| ITEM # | QUANTITY | ARTICLE | MOD # | SERIAL NUMBER | DESCRIPTION | VALUE | NCIC/FCIC |
|---|---|---|---|---|---|---|---|
| 1 | 1 | | | BH13394 | Model GT 380 cal w/ brown grip | | [ ] Yes [ ] No [ ] MS [ ] FEL |
| 2 | 7 | | | | brown "nifty" Grips | | [ ] Yes [ ] No [ ] FEL |
| 3 | 1 | | | | Lesson megazene | | [ ] Yes [ ] No [ ] MSD |
| | | | | | one megazene Received P.Con from Musgrate P.D. | | [ ] Yes [ ] No |
| | | | | | | | [ ] Yes [ ] No |
| | | | | | | | [ ] Yes [ ] No |
| | | | | | | | [ ] Yes [ ] No |

**INVESTIGATING OFFICER:** Kimmegh 1115  **CCN#:** 10-21-99  **DATE:**
**SIGN:** (signature)  10.21.99

| EVIDENCE USE ONLY | | | |
|---|---|---|---|
| Received By Property Clerk | Reason | | Date |
| Owner Notified [ ] No [ ] Yes | Date & Time Owner Notified | Remarks | |
| Classification | | | |
| Final Disposition | | Signature | |

| | Received By | Reason/Responsibility | Time | Date |
|---|---|---|---|---|
| | Received By | Reason/Responsibility | Time | Date |
| | Received By | Reason/Responsibility | Time | Date |
| | Received By | Reason/Responsibility | Time | Date |
| | Received By | Reason/Responsibility | Time | Date |

[ ] Warrant Inventory Return Receipt?  [ ] YES  [ ] NO
I understand that if the true owner does not make claim in 90 days, and after it has been advertised for two consecutive weeks, I may claim it. I agree to take to claim the above in the unspecified time period, will constitute a waiver of all my rights to possession of this property. A deposit will be required within 24 hours. Contact Evidence 761-5450.

Signed _____  Date _____  Phone # _____

I hereby acknowledge that the above list represents all property taken from my possession and that I have received a copy of this receipt. SIGNATURE (X) _____

Property List Routing:
White Records Green Det Bureau Yellow Crime Analysis Pink IBA Gold Victim
Evidence Receipt Routing:
White Green & Yellow Evidence Pink Det Bureau Gold Receipt

00211

BROWARD COUNTY SHERIFF'S OFFICE　　　　　　　　Lab Number: 21179K
P.O. Box 9507
Ft. Lauderdale, FL  33310

## CRIME LABORATORY ANALYSIS REPORT

To: Officer Fleming　　　　　　　　　　　　　　e: 10/__/99
　　 Fort Lauderdale Police Department　　　　　cy __se# 99-156097
　　 1300 W. Broward Boulevard
　　 Fort Lauderdale, FL  33312

　　　　　　　　　　　　　　　　　　　　　　　　　KSON

The evidence listed below was sub_____ laboratory:

1. One .380 Auto FIE Model GT380LW ___oloading pistol #BH13394.
2. One magazine.
3. Seven .380 Auto cartridges.

The submitted firea_____ test shots were fired.

00212

BROWARD COUNTY SHERIFF'S OFFICE         Lab Number: 21161K
P.O. Box 9507                           Agency Case: 99-156097
Fort Lauderdale, FL 33310               Date: 2/10/00

CRIME LABORATORY ANALYSIS REPORT

To: Officer Fleming
    Fort Lauderdale Police Department
    1300 W. Broward Boulevard
    Fort Lauderdale, FL



AMENDED SUPPLEMENTAL REPORT

The following evidence was submitted to this laboratory:

Three knotted plastic bags containing suspect cocaine rocks.

An examination conducted on the submitted evidence revealed the presence of cocaine in all three bags (83.6 grams total net weight).

The foregoing instrument was                Respectfully submitted,
acknowledged before me this
____ day of _____, 2000
by Benny J Lum
who is personally known to me             Benny J Lum
_____                   Forensic Chemist
Diana M Edwards CC641792
STATE OF FLORIDA, COUNTY OF BROWARD

00213